UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER WILLIAMS, CDCR# V-18377,<br><br>                                    Plaintiff,<br><br>vs.<br><br>GAVIN NEWSOM; THE STATE OF CALIFORNIA; ALL C.D.C.R. PRISONS; ROB BONTA; ED BROWN; ARNOLD SCHWARZENEGER,<br><br>                                    Defendants. | Case No.:  3:25-cv-0728-BEN-VET<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i) AND 28 U.S.C. § 1915A(b)(1)** |

Plaintiff Walter Williams ("Plaintiff"), currently incarcerated at the California Correction Institution in Tehachapi, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) While the Complaint lacks coherence, it appears Plaintiff seeks to sue the current and former Governors of the State of California, the Attorney General of California, all prisons within the California Department of Corrections and Rehabilitation ("CDCR") system, and the State of California itself for "assault and battery," "torture," and violating his right to be free from

cruel and unusual punishment because CDCR personnel used "wireless technology" to attack him and other inmates in an attempt at mind control and to "extract knowledge," which has caused him to hear voices throughout his incarceration. (*Id.* at 1–5.)

Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint. Instead, he has filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) For the reasons discussed below, the Court grants Plaintiff's IFP motion and dismisses the Complaint as frivolous.

## I.   Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, all prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016), regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). A prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1  Court assesses an initial payment of 20% of (a) the average monthly deposits in the account
2  for the past six months, or (b) the average monthly balance in the account for the past six
3  months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C.
4  § 1915(b)(1)&(4); *Bruce*, 577 U.S. at 84.

5  In support of his IFP motion, Plaintiff has submitted a copy of his CDCR Inmate
6  Statement Report. (ECF No. 2 at 12–13.) Prior to filing suit, it appears Plaintiff had an
7  average monthly balance of $13.02 and average monthly deposits of $83.51, with an
8  available balance of $3.53. *Id*. Therefore, the Court **GRANTS** Plaintiff's motion to
9  proceed IFP and assesses an initial partial filing fee of $16.70, *but the initial fee need be*
10 *collected only if sufficient funds are available in Plaintiff's account at the time this Order*
11 *is executed*. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be
12 prohibited from bringing a civil action or appealing a civil action or criminal judgment for
13 the reason that the prisoner has no assets and no means by which to pay the initial partial
14 filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-
15 valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . .
16 due to the lack of funds available to him when payment is ordered.") Plaintiff is required
17 to pay the balance of the $350 filing fee required by 28 U.S.C. § 1914 pursuant to the
18 installment payment provisions of 28 U.S.C. § 1915(b)(1).

19 **II.    Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b)**
20       **A.    <u>Standard of Review</u>**
21 Because Plaintiff is a prisoner proceeding IFP, his Complaint requires pre-Answer
22 screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte*
23 dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails
24 to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203
25 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes
26 v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The
27 purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not
28 bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir.

2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Also, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

4

25cv0728-BEN-VET

### B. Factual Allegations

Plaintiff asserts that in 2003, when he was in his cell at New Folsom Prison in Sacramento, "a[n] officer pointed [] which look like a garage door opener at me" and he thereafter "started hearing voices" both "thru out the day" and "especially at night." (ECF No. 1 at 3–4.) Plaintiff contends that the "wireless technology intens[i]fied" during his subsequent incarceration at the California State Prison Solano, and asserts that during his current incarceration at the California Correction Institution in Tehachapi, when he heard another inmate scream, he knew that inmate, like himself, was undergoing "attack by wireless technology." (*Id.* at 3.) While the Complaint is rather disjointed, it appears Plaintiff contends that the wireless technology attacks against him and others are "military tactics" aimed "mostly against Black men" and are intended to deny sleep, "steal[] my business ideas," and "make them into homosex [sic] men." (*Id.* at 3–5.)

Plaintiff alleges Defendants, who include the current and former Governors of the State of California, the State of California itself, all prisons in the CDCR system, and the California Attorney General "illegally us[ed] wireless technology on the men" to "invade men[] minds" and for purposes of "torture," "assault," "extract know[]ledge" and "control." (*Id.* at 2.) Plaintiff asserts that he "need[s] to be compensated for my torture," "harassment" and "theft of knowledge," and seeks a jury trial, $200 million in damages against Attorney General Bonta and Governor Newsom, and $50 million in punitive damages. (*Id.* at 4, 7.)

### C. Discussion

The Court finds Plaintiff's suit is plainly frivolous. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (citation omitted). A pleading is "factual[ly] frivolous[ ]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it

1  lacks an arguable basis either in law or in fact.... [The] term 'frivolous,' when applied to a
2  complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual
3  allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (footnote omitted).  When
4  determining whether a complaint is frivolous, the court need not accept the allegations as
5  true, but must "pierce the veil of the complaint's factual allegations," *id.* at 327, to
6  determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional.'" *Denton*, 504 U.S. at
7  33 (quoting *Neitzke*, 490 U.S. at 328).

8      Upon review, the allegations in Plaintiff's Complaint and supplemental exhibit are
9  not only sprawling and repetitive, but patently implausible and illogical.  (*See* ECF No. 1
10 at 2–7, ECF No. 1-2 at 1–4.)  While difficult to discern, it appears Plaintiff alleges he has
11 suffered "cruel and unusual punishment," "assault and battery" and "torture" via wireless
12 technology.  (*See* ECF No. 1 at 2, 4, 7.)  Plaintiff alleges that over twenty years ago, an
13 unidentified correctional officer (who does not appear to be named as a Defendant in the
14 instant Complaint) pointed an item which "look like a garage door opener at him," after
15 which he started hearing voices, which Plaintiff appears to attribute to an "attack by
16 wireless technology" which he contends continues to the present day.  (*Id.* at 3–4.)  The
17 supplemental exhibit reflects that Plaintiff filed a grievance on this same subject during his
18 incarceration at Salinas Valley in 2021, contending that "C.D.C.R and all it's [sic] prisons
19 are using wireless technology. To. Torture Assault and Battery the men," "To. Harm and
20 Extract Knowledge [sic] and Ideas And Information. About Family and Friends," and "To
21 take control of the men's Brains," contended it was aimed  "mostly against Black Men"
22 and stated that he had experienced it at "every prison" during his incarceration. (ECF No.
23 1-2 at 3–4.)  Plaintiff asserts these crimes were committed by the named Defendants, who
24 include the current and two former Governors of California and the current California
25 Attorney General, in addition to the entities of the State of California and every CDCR
26 correctional facility, from whom he seeks a total of $250 million in damages.  (ECF No. 1
27 at 2, 4, 7.)
28 ///

|   |   |
|---|---|
| 1 | In sum, Plaintiff's Complaint is premised on assertions that Defendants conspired and/or colluded for over two decades to use wireless technology against Plaintiff and other state inmates for the purposes of torture, assault, mind control, and extraction of knowledge. (*See id.*) As such, the Court finds Plaintiff's allegations are "'fanciful,' 'fantastic,' [and] 'delusional,'" *see Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328), and lack any "short and plain statement of the claim showing that [he] is entitled to [any] relief" arguably based on law or fact. *See* Fed. R. Civ. P. 8(a)(2); *Neitzke*, 490 U.S. at 325. Accordingly, the Court *sua sponte* dismisses the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). *See Iqbal*, 556 U.S. at 676; *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 324; *see also Vargas v. Gonzales, et al.*, 1:20-CV-1634-EPG (PC), 2021 WL 634949, at *4–5 (E.D. Cal. Feb. 18, 2021) (recommending dismissal of pro se § 1983 complaint seeking to sue "ten guards from two prisons" for "stash[ing] stolen electronic equipment in a Bakersfield residence to spy o[n] Plaintiff," harming his family members, "tortur[ing], sexually assault[ing] and harass[ing]" Plaintiff through "'verbalized' transmi[ss]ions," and conspiring to "change his mail" as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1)), adopted by *Vargas v. Gonzales, et al.*, 2021 WL 1238419, at *1 (E.D. Cal. April 2, 2021); *Johnson v. Paul,* No. 20-CV-2174-JLS (WVG), 2020 WL 6825673, at *2 (S.D. Cal. Nov. 20, 2020) (dismissing pro se § 1983 complaint seeking to sue the Pope, a U.S. Senator, the Secretary of State, and several Presidents for having committed "human trafficking crimes, Biblical crimes . . . extortion, conspiracies [and] public kidnappings" *sua sponte* as frivolous pursuant to 28 U.S.C. § 1915(e)(2)); *see also Franklin v. Newsom*, No. 21-CV-1645-GPC (BGS), 2021 WL 5827117, at *5 (S.D. Cal. Dec. 7, 2021) (collecting cases).<br>///<br>///<br>///<br>///<br>/// |

### III. Conclusion and Order

Good cause appearing, the Court:

(1) **GRANTS** Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2];

(2) **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $16.70 initial filing fee assessed, *if those funds are available at the time this order is executed*, and forward whatever balance remains of the $350 owed in monthly payments in an amount equal to twenty (20%) percent of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00 pursuant to 28 U.S.C. § 1915(b)(2);

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001;

(4) **DISMISSES** this civil action *sua sponte* and in its entirety as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1);[2]

(5) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(6) **DIRECTS** the Clerk of the Court to enter a judgment of dismissal in S.D. Cal. Civil Case No. 3:25-cv-0728-BEN-VET and to close the file.

**IT IS SO ORDERED**.

Dated: May 6, 2025

Honorable Roger T. Benitez
United States District Judge

---

[2] Because Plaintiff's Complaint is frivolous, there is "no merit" to it and therefore "no reason to grant leave to amend." *Lopez*, 203 F.3d at 1127 n. 8 ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.")